UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GOTSPACE DATA LLC, et al., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-121WES |
| | : | |
| NE EDGE, LLC, et al. | : | |
|     Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) is the motion (ECF No. 19) of *pro se* Defendant Nicholas Fiorillo to consolidate this case with a civil action – 23-349WES – that he purportedly removed to this Court from the Barnstable County Superior Court of the Commonwealth of Massachusetts.[1] The state court civil action is captioned as <u>Louis Delpidio, as Trustee of the Lewis Bay Beach House Trust, the 116 Baxter Road Beach House Trust, and the 63 TN Beach House Trust v. Fiorillo and Ocean Vacations, LLC</u> and designated in the state court variously as 23-cv-0230 and 2372-cv-00230. Claiming that it will serve judicial economy, Mr. Fiorillo accurately represents that he is a *pro se* litigant in each of these cases. Otherwise, the balance of his representations about the commonality of parties, law and fact among these cases appear to be at least partly untrue. For example, Mr. Fiorillo falsely represents that "Mssrs. Delpidio . . . and Green" are parties joined in both cases. Nor does the simple state court case alleging breach of contract, fraud and conversion as to three Massachusetts properties appear to implicate the issues of law and fact (<u>e.g.</u>, racketeering, unlawful wiretapping, and breach of FDIC banking regulations) alleged in this case; indeed, the

---

[1] No objection to this motion to consolidate was filed in this case. This is unsurprising in that it does not appear that any party has yet been served. Indeed, the litigant most likely to be interested in the outcome of the motion, Mr. Delpidio as Trustee of three Massachusetts properties, is not even a party in this case.

real estate in issue in the state court case does not appear to be mentioned in this case. Nor does Mr. Fiorillo's representation in the motion that judicial economy would be served appear to be accurate; by way of just one example in this case, Mr. Fiorillo has named (but not yet served as far as the docket reveals) over seventy persons and entities, including by way of example Apple Inc., T-Mobile, the City of Boston and various officials and agencies of the City – as far as the pleadings reveal, none of these are implicated in any way in the facts presented in the state court case. It is conceivable that subsequent proceedings will reveal commonality such that consolidation might yield efficiency. However, it is premature to make that determination at this phase, particularly where none of the defendants named in this case have yet been served and appeared. More importantly, on October 12, 2023, I issued a report and recommendation recommending that 23-cv-349WES be remanded to state court. Therefore, consolidation is not appropriate at this time.

Based on the foregoing, Mr. Fiorillo's motion to consolidate (ECF No. 19) this case with 32-cv-349WES is denied. A similar order has issued in 23-cv-349WES denying the corresponding motion to consolidate.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 13, 2023