UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| OCEAN DEVELOPMENT PARTNERS, LLC, MA, et al. | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-121WES |
| | : | |
| NE Edge, et al. | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Between October 6 and October 20, 2023, I issued ten reports and recommendations and eight memoranda and orders in twelve cases removed to this Court or filed in this Court by Plaintiff Nicholas Fiorillo; all but two of these were adverse to Mr. Fiorillo.[1] On October 13, 2023, I issued a memorandum and order in this case denying Plaintiff Nicholas Fiorillo's Motion to Consolidate Cases (ECF No. 19). ECF No. 22. On October 30, 2023, Mr. Fiorillo filed a motion to recuse me supported by two affidavits, which has been referred to me. ECF Nos. 27, 27-1, 27-2. For the reasons that follow and to the extent that the motion is directed towards me,[2] the motion to recuse is denied.

---

[1] The cases removed by Mr. Fiorillo are: Delpidio v. Fiorillo, 23-349WES; BSI 254 Westfield, LLC v. Fiorillo, 23-363WES; GF Funding Swansea, LLC v. Ocean Inv. Holdings, LLC, 23-364WES; Raymond C. Green, Inc. v. Delpidio, 23-365WES; Spitalny v. Fiorillo, 23-366WES; Northern Bank & Tr. Co. v. Fiorillo, 23-368WES; Ocean Vacations Realty Tr. v. Soros, 23-417WES; Stamoulis v. Ocean Realty Partners LLC, 23-419WES; Gotspace Dev., LLC v. SFBC, LLC, 23-420WES; Gotspace Springfield Equity Fund 1, LLC v. Kushner, 23-422WES. In addition to this case, Mr. Fiorillo also filed Fiorillo v. Sheehan, 23-cv-398WES, in which I denied a motion to consolidate on October 13, 2023. Not adverse to Mr. Fiorillo are the denial without prejudice of a motion for a continuance filed by the other plaintiffs in this case and the denial without prejudice of plaintiffs' motion to strike Mr. Fiorillo's Notice of Appeal in Delpidio, 23-349WES.

[2] "Motions seeking recusal and disqualification are generally entertained by the challenged judge." Myers v. United States, 1:17CR18-1, 2022 WL 3043657, at *1 n.1 (M.D.N.C. Aug. 2, 2022) (internal quotation marks omitted). To the extent that Mr. Fiorillo believes that there has been misconduct by a judicial officer, his recourse is to file a complaint at the clerk's office of the United States Court of Appeals for the First Circuit using the procedure described in the Rules of Judicial-Conduct and Judicial-Disability Proceedings pursuant to 28 U.S.C. § 351, et seq.

A judge "shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. §§ 144[3] and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." United States v. Kelly, 712 F.2d 884, 889 (1st Cir. 1983). "The well-established test . . . is . . . whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable [person]." Panzardi-Alvarez v. United States, 879 F.2d 975, 983 (1st Cir. 1989) (internal quotation marks omitted). Recusal is required when the objective circumstances create an appearance of partiality. In re Martinez-Catala, 129 F.3d 213, 220 (1st Cir. 1997). On the other hand, "[d]issatisfaction with a judicial decision is not a basis for recusal." Silva v. Rhode Island, C.A. No. 19-568-JJM-PAS, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021) (motion to recuse denied).

To the extent that Mr. Fiorillo seeks to recuse me based on the adverse decisions summarized above, which appear to have triggered the motion to recuse, it is denied because it is improperly based on his "[d]issatisfaction with . . . judicial decision[s]." Silva, 2021 WL 4712902, at *2. Relatedly, the motion also relies on Mr. Fiorillo's improbable speculation that

---

[3] I note that Mr. Fiorillo has invoked 28 U.S.C. § 144, which requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice; this affidavit must be "accompanied by a certificate of counsel of record stating that it is made in good faith." Id. As a *pro se* litigant, Mr. Fiorillo has failed to meet this requirement. For purposes of deciding Mr. Fiorillo's motion, the Court assumes, without deciding, that the affidavits are appropriate despite the lack of the required certification. Ligeri v. Dep't of Child., Youth & Fams., No. CV 17-198-JJM-PAS, 2017 WL 6496793, at *1 n.1 (D.R.I. Dec. 15, 2017).

the sheer number of decisions that I issued in a short period of time[4] could not possibly have been written by a single judge, causing Mr. Fiorillo to hypothesize that they must have been ghost-written by "NE Edge Racketeers," not by me. ECF No. 27 at 8. This reason for recusal is false and amounts to "unsupported, irrational, or highly tenuous speculation." In re Martinez-Catala, 129 F.3d at 220 (internal quotation marks omitted). Thus, it is not grounds for judicial recusal. To the extent that the motion relies on the number of decisions issued, it is denied.

Plaintiff also seeks recusal based on an alleged conflict and/or because my impartiality might reasonably be questioned due his speculation of my supposed relationship with some or all of other parties and attorneys involved in the many cases he has filed in or removed to this Court. This reason is entirely speculative, and the factual assumption is false – I have no relationship with any of them that would give rise either to an actual conflict and/or a question in the mind of a reasonable person regarding my impartiality. Panzardi-Alverez, 879 F.2d at 983. Thus, Mr. Fiorillo's argument is, again, based on nothing more than "unsupported, irrational, or highly tenuous speculation." In re Martinez-Catala, 129 F.3d at 220 (internal quotation marks omitted). Because there are no objective circumstances connected with the persons and entities involved in Mr. Fiorillo's cases that create an actual or appearance of partiality, to the extent that the motion relies on this reason, it is denied.

Finally, Plaintiff seeks recusal based on his revelation in his affidavit (ECF No. 27-1) that he conferred with two attorneys [Dana Gravina and Brett Beaubien] about the possibility of engaging one or both of them and that he disclosed confidential information to them following which they declined to represent him. As to Attorney Gravina, Mr. Fiorillo speculates that

---

[4] The number of decisions that I issued in a short period of time was triggered by the number of filings Mr. Fiorillo made in a short period of time.

Attorney Gravina's acquaintance with my husband permits the inference that Attorney Gravina disclosed Mr. Fiorillo's confidential attorney-client privileged information to my husband, who disclosed it to me.  This speculation is not true: I do not know Attorney Gravina (who is not a member of the bar of this Court); I believe I have never met him or – directly or indirectly – communicated with him; until the filing of this motion, I did not know my husband was acquainted with Attorney Gravina and have never discussed Attorney Gravina with my husband; and neither I nor my husband has any knowledge beyond what Mr. Fiorillo put into the pending motion regarding Mr. Fiorillo's communications with Attorney Gravina.  As to Attorney Beaubien, I know him as a member of the bar of this Court who has appeared before me; I otherwise have no social or other relationship with him; and I have no knowledge beyond what Mr. Fiorillo put into the pending motion regarding Mr. Fiorillo's communications with Attorney Beaubien.  Based on the foregoing, this is not a circumstance where the facts in the affidavit give rise to more than speculation that there is either an actual conflict or that my impartiality "might reasonably be questioned."  In re United States, 441 F.3d 44, 68 (1st Cir. 2006) (internal quotation marks omitted).  Accordingly, to the extent that the motion rests on this foundation, it is without merit and is denied.

    In sum, I have no knowledge, prejudice or bias regarding any of the parties or regarding any aspect of the matters in issue (beyond what has been presented by the filings of the parties in this Court and the public records in other courts that pertain to the matters in issue in this Court); I have no direct financial or other stake in the outcome of any of the proceedings; and I have no familial or personal relationship with any of the parties in this case or in Mr. Fiorillo's other cases.  Based on the foregoing, and considering the totality of the circumstances, I find that I am untainted by any actual conflict of interest of any kind, nor is there any appearance of any

conflict of interest.  I further find that I am able to determine this matter impartially.  Guided by the principle that a judge has "a duty not to recuse . . . herself if there is no objective basis for recusal," <u>In re United States</u>, 441 F.3d at 67, I hereby deny Mr. Fiorillo's motion that I recuse myself.

<u>/s/ Patricia A. Sullivan</u>
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 31, 2023